In the Matter of ROBERT C. ADAMS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 13, 1992

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Nancy A. Bolger* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this court dated May 31, 1991, the respondent was suspended from the practice of law until the further order of this court and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent.

The petitioner personally served a notice of petition and petition containing four charges of professional misconduct upon the respondent on June 25, 1991. No answer was forthcoming. The petitioner now moves for an order disciplining the respondent upon his default. The petitioner personally served the motion for a default order upon the respondent on September 13, 1991. The respondent has failed to submit any papers in response to the motion.

The charges involve the respondent's failure to reregister as an attorney with the Office of Court Administration and failure to pay his biennial registration fees since 1984; failure to cooperate with the Grievance Committee in its investigation of a complaint alleging neglect of an estate matter, commingling of escrow funds and overreaching; failure to cooperate with the Grievance Committee in its investigation of a complaint alleging that he filed for bankruptcy in 1986 and never signed a release regarding an escrow account in his possession; and failure to respond to an order to show cause which was personally served upon him, seeking his suspension from the practice of law.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is therefore granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert C. Adams is disbarred

and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert C. Adams is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.